IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMAS-MARTIN HAPPLE,

    Plaintiff,

v. : Civil Action No. 22-1613-RGA

KATRINA MEARS, et al.,

    Defendants.

---

Thomas-Martin Happle, Millsboro, Delaware.  Pro Se Plaintiff.

Scott G. Wilcox, Esq., Giordano, DelCollo, Werb & Gagne, LLC, Wilmington, Delaware. Counsel for Defendants

## MEMORANDUM OPINION

March 15, 2024
Wilmington, Delaware


ANDREWS, U.S. District Judge:

In December 2022, Plaintiff Michael Sweeney, proceeding *pro se*, filed this civil action. (D.I. 1). Before the Court is Defendants' motion to dismiss. (D.I. 11). The motion is fully briefed.

I.   **BACKGROUND**

Plaintiff's allegations are as follows. After apparently receiving a tax bill from Sussex County, Delaware, Plaintiff sent the County a letter explaining that he was exempt from paying a "school tax." (D.I. 1 at 5). Defendant Katrina Mears, a Sussex County employee, made a courtesy call to Plaintiff "warn[ing] [him] of what would happen if [he] didn't pay." (*Id.*). Defendant Mears was "[v]ery polite and nice – just like the mob!" (*Id.*). Plaintiff alleges that Defendant Mears "extorted and explained in detail how the county removes our property for non-payment." (*Id.* at 3). Ultimately, Plaintiff paid his taxes, which he characterizes as a "donation" to the County. (*Id.* at 6).

Plaintiff names two other Defendants, but he asserts no allegations against them. The Civil Cover Sheet to the Complaint references the Racketeer Influenced and Corrupt Organizations Act, and 18 U.S.C. §§ 241 and 242. (D.I. 1-1).

Plaintiff seeks $250,000 in damages and injunctive relief removing his and his wife's names from Sussex County records.

II.   **LEGAL STANDARD**

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), I must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94. A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

This Court has subject matter jurisdiction over this matter by virtue of Plaintiff's invocation of federal law. Plaintiff, however, has failed to state a claim that Defendant

Mears violated any of his rights through her courtesy call advising him of the consequences of failing to pay taxes. The complaint is frivolous.

Amendment is futile.

## IV.    CONCLUSION

For the foregoing reasons, I will grant Defendants' motion to dismiss.

A separate order shall issue.